UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-177-JBC

DAVID RHODES                                                              PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

ERNIE FLETCHER, ET AL.                                              DEFENDANTS

The plaintiff, David Rhodes, who is currently confined in the Lee Adjustment Center ("LAC") in Beattyville, Kentucky, has filed a self-styled habeas corpus petition under 28 U.S.C. § 2241, which the court has recharacterized as a civil rights complaint under 42 U.S.C. § 1983 and for which the court advised the plaintiff either to pay the $250.00 filing fee or complete and submit the documentation necessary to seek *in forma pauperis* status [*Id*].  The Court also instructed the plaintiff to inform the court whether he had exhausted his administrative remedies [*Id*.].  The plaintiff has now moved for leave to proceed *in forma pauperis,* "which the court will address by separate order.

This matter is before the court for initial screening.  28 U.S.C. § 1915A; *McGore v.  Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir.  1997).

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint  and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. § 1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

<u>CLAIMS</u>

The court broadly construes the complaint as one asserting claims of either the denial of due process, in violation of the Fourteenth Amendment of the United States Constitution, and/or one challenging the conditions of his confinement, in violation of the Eighth Amendment of the United States Constitution.  The plaintiff also complains that two state court civil actions, in which he sought relief were dismissed.

<u>ALLEGATIONS OF THE COMPLAINT</u>
1. <u>Confinement in Privately Operated Prison (LAC)</u>

The plaintiff alleges that his confinement in the LAC, a privately run correctional facility, violates his constitutional rights.  He alleges that private vendors should not be allowed to operate correctional facilities in which state prisoners are confined.  He contends that numerous state officials, here named as defendants, have engaged in prohibited racketeering activities by allowing jails to be operated by private prison

vendors pursuant to KRS 197.500.[1]  The plaintiff enumerates several constitutional amendments which he claims the defendants have violated through their actions in allowing private prisons to house inmates.

To the extent that the plaintiff alleges that his due process rights have been denied by reason of confinement in a jail, the day-to-day operations of which are administered by a private entity, the court classifies the claim as one alleging denial of due process of law under the Fourteenth Amendment of the United States Constitution.  Alternatively, to the extent the plaintiff complains about the conditions of his confinement, the claim might also be characterized as falling under the Eighth Amendment of the United States Constitution.

2.  Dismissal of Two State Court Habeas Proceedings

The plaintiff states that he was committed to the Kentucky Department of Corrections ("KDOC") on March 20, 2004.  He states that at some point thereafter, he and other LAC prisoners filed a civil habeas corpus proceeding in the Lee Circuit Court ("the Lee Circuit Court Action") challenging the constitutionality of their confinement in the LAC.  On September 17, 2004, the Lee Circuit Court apparently

_____

[1] KRS 197.500 provides as follows:

(1) "Department" means the Department of Corrections;

(2) "Adult correctional facility" means any minimum or medium adult penal or correctional facility operated for the purpose of housing convicted felons for the department; and

(3) "Private provider" means a private legal entity authorized to do business in the Commonwealth and which is in the business of establishing, operating, and managing adult correctional facilities.

3

dismissed the prisoners' lawsuit, and the prisoner-plaintiffs filed an appeal. He states that on December 10, 2004, the Kentucky Court of Appeals affirmed the dismissal of the Lee Circuit Court action.[2] The plaintiff does not allege that he sought discretionary review of the decision at the Kentucky Supreme Court.

The plaintiff alleges that the dismissal of the Lee Circuit Court action violated his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution.

The plaintiff states that during the interim period between the dismissal of the Lee Circuit Court action and the Kentucky Court of Appeals's affirmance, the plaintiff and five other LAC inmates filed a second constitutional habeas proceeding challenging their confinement in the LAC, this time in the Franklin Circuit Court ("the Franklin Circuit Court action."). Judge William L. Graham was the presiding judge.

The plaintiff alleges that one of the claims asserted in the Franklin Circuit Court action was that Corrections Corporation of America ("CCA") had been a large campaign contributor to Governor Ernie Fletcher's 2003 gubernatorial campaign. The plaintiff alleges that in return for those campaign contributions, the Commonwealth of Kentucky awarded CCA large contracts for the operation of private prisons. He alleges that Fletcher, CCA, and other state officials have engaged in a conspiracy to enrich CCA, which actions amount to illegal racketeering.

---

[2] The plaintiff describes the dismissal of the Lee Circuit Court action as "bogus." [Complaint, 9]

4

The plaintiff complains about the circumstances under which the Franklin Circuit Court action was dismissed. The plaintiff alleges that in March, 2005, an attorney hired by the Commonwealth of Kentucky prepared and improperly submitted an order dismissing the Franklin Circuit Court action. The plaintiff alleges either that on March 22, 2005, Judge Graham erroneously signed and entered the dismissal order, or that it was forged and entered without Judge Graham's knowledge and consent.[3] In either event, the plaintiff alleges that the Franklin Circuit Court action was improperly dismissed. The plaintiff does not allege that he appealed this dismissal.

The plaintiff alleges that the dismissal of the Franklin Circuit Court action violated his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution.

## NAMED DEFENDANTS

The plaintiff has named the following defendants: (1) Ernie Fletcher, Governor of Kentucky; (2) Gregory D. Stumbo, Attorney General of Kentucky; (3) John Rees, Commissioner of the KDOC; (4) CCA; and (5) Randy Stovall, warden of the LAC.

## RELIEF REQUESTED

The plaintiff seeks declaratory relief in the form of an order: (1) adjudging KRS 197.500 to be unconstitutional and (2) prohibiting any private prison from operating any correctional facility in the Commonwealth of Kentucky. Although the plaintiff does

---

[3] The plaintiff describes the order dismissing the Franklin Circuit Court action as "fabricated." [Complaint, ¶29]. The plaintiff states that he filed a complaint about the dismissal of the Franklin Circuit Court action with the Kentucky Judicial Conduct and the Kentucky Administrative Office of the Courts [*Id.*].

not specifically so state, it appears that he may be seeking the reinstatement of one or both of the state court actions.

DISCUSSION

1.  Private Operation of the LAC

Due process rights are triggered only by the deprivation of a legally cognizable property interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003).  Thus, the plaintiff must establish that he has a legally protected interest in not being confined in a correctional facility operated by a private entity.  For a prisoner, deprivation of a legally cognizable liberty interest occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293 (1995).   Applying this test, the Sixth Circuit  has rejected a claim similar to that made here. In *Crabtree v. Pitzer*, 229 F.3d 1151 (Table), 2000 WL 1140714, **1 (6th Cir.(Tenn.) August 7, 2000) (Unpublished Disposition), several inmates who were convicted in Wisconsin, but who were being confined in facilities in Tennessee, filed habeas petitions challenging their confinement in facilities which CCA operated.  The Sixth Circuit rejected the prisoner-plaintiffs' due process arguments, stating as follows:

> In *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir.1991) (per curiam), the court held that when a state or government entity enters into a contract with a private corporation to house inmates, the private corporation is performing a function traditionally attributable to the state. Therefore, the corporation may be treated as acting for the state under color of law. *Id*.
>
> As the private prison is acting as an agency for the state of Wisconsin in housing prisoners, Crabtree's contention that he is being illegally detained

6

is meritless. Furthermore, as the district court noted, under *Sandin v. Conner*, 515 U.S. 472, 483-87 (1995), Wisconsin prisoners have no constitutional right to be housed in a particular facility. Because Crabtree is being housed by an agent of the state of Wisconsin and has no right to be housed in a particular facility, he is not being illegally detained. Therefore, Crabtree is not entitled to habeas corpus relief.

*Crabtree v. Pitzer*,  229 F.3d 1151 (Table), 2000 WL 1140714, **1.

Several other decisions reach the same conclusion*.  Pischke v.  Litscher*, 178 F.3d 497, 500 (7th Cir.  1999) (explaining the  inapplicability of any "provision of the Constitution that might be violated by the decision of a state to confine a convicted prisoner in a prison owned by a private firm rather than by a government"). *Pischke* holds that "[a] prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." *Id*. (citing *Olim v. Wakinekona*, 461 U.S. 238, 247-48, 103 S. Ct. 1741 (1983)).  In *White v. Lambert*,  370 F.3d 1002, (9th Cir. 2004), the Ninth Circuit affirmed the dismissal of a prisoner's complaint in which he alleged, among other claims, that his liberty interests were violated as a result of a transfer to a private prison motivated solely by profit.  The Ninth Circuit stated:

> However, the Supreme Court in *Olim v. Wakinekona* rejected this type of argument. 461 U.S. 238, 247-48, 103 S.Ct. 1741, 75 L. Ed.2d 813 (1983) ("Even when, as here, the[prison] transfer involves long distances and an ocean crossing [from Hawaii to California], the confinement remains within constitutional limits."). Incarceration in a private prison does not change this analysis because state prison facilities have never "been exclusively public." *Richardson v. McKnight*, 521 U.S. 399, 405, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997) (discussing history of private penal institutions)."

*White v. Lambert*,  370 F.3d 1002, 1013. *See also Koos v. Holm*,  204 F. Supp.2d 1099, 1103 (W.D. Tenn 2002); *Evans v. Holm*, 114 F. Supp.2d 706, *711( W. D.

7

Tenn. 2000).

Based on the weight of this authority, the plaintiff's due process claim relating to the private operation of the LAC lacks merit and must be dismissed.  28 U.S.C. § 1915(e)(2) (ii).

### 2.  Dismissal of State Court Habeas Proceedings

To the extent that the plaintiff may be challenging the dismissal of either the Lee Circuit Court action and/or the Franklin Circuit Court action, the *Rooker-Feldman* doctrine would preclude the plaintiff from asserting a claim relating to such decisions or rulings.

This doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court.  A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Only the United States Supreme Court has jurisdiction to correct state court judgments.  *Feldman*, 460 U.S. at 482.

 "Federal courts must give 'full faith and credit' to the judicial proceedings of state courts."  *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998), citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984).  Under these circumstances, these claims must be

dismissed  because the court would lack subject matter jurisdiction over the plaintiff's claims related to the dismissal of his state court habeas proceedings.

Based upon the *Rooker-Feldman* doctrine, the plaintiff's construed claims relating to the dismissal of the two state court habeas proceedings lack merit and must be dismissed.  28 U.S.C. § 1915(e)(2) (ii).

<u>CONCLUSION</u>

Accordingly,  **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Signed on November 8, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY